## GRADY vs. WOLSNER.

[ACTION ON THE CASE FOR DAMAGES.]

1. *Nuisance; what is.*—A cooking range or stove erected so near to the partition wall of two houses as to injure, by its ordinary use, the goods of the adjacent proprietor, and render his house uncomfortable and disagreeable, is a nuisance.
2. *Same; action on the case for, lies against whom.*—An action on the case lies against him who erects a nuisance, and also for its continuance, though he has leased it to another.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

This was an action on the case for damages, by the appellee against the appellant. The appellant erected in his house, adjoining the appellees, a cooking range or stove so near to the partition wall that the ordinary use of the range or stove injured the appellee's goods, as well as his building, and his business, by making his room uncomfortable and disagreeable to stay in, and thereby drive away customers from appellee, who kept a bar, &c. After erecting the range or stove, appellant let the premises to a tenant who built fires in the range or stove, whereby the appellee sustained the injury complained of to his goods and house. At the time the range was erected appellee objected, and informed Grady that the use of the range would destroy appellee's business and drive off his customers.

The appellant excepted to the refusal of the court to charge the jury, that if they believed appellant had leased his house and had no control of it or the tenants, and did not build the fires, then they must find for the plaintiff.

BOYLES & OVERALL, for appellant.—The range in itself is no nuisance.

Suppose a man erect a building for a slaughter-house or a livery stable in immediate proximity to a private dwelling, and never use it as such, could he be proceeded

against for a nuisance?  And if he should rent it out, without specifying any particular purpose for which it should be used, could the owner be proceeded against in case the tenant should use it in such a manner as to become a nuisance?

The mere suggestion is counter to the first dictates of common justice.

In the case of *Vason v. City of Augusta*, 38 vol. Ga. R., the court says : The landlord is not liable for a nuisance maintained by his tenant during the period of the lease. He is liable for a nuisance which exists upon the premises at the time he makes the lease.  But if the tenant continues the nuisance he, alone, is liable."

POSEY & TOMPKINS, *contra.*

(Appellee's brief did not come into Reporter's hands.)

B. F. SAFFOLD, J.—That the action will lie is plain. Every one must use his own so as not to hurt another. One who negligently keeps his fire so that his neighbor's house is burned is liable to him for damages, because he had it not in his power to make him covenant to be careful.  It matters not whether the fire be in his house, his curtilage, or his close.

The action lies against him who erects a nuisance, and notwithstanding a recovery for the erection, it may afterwards be maintained against him for the continuance, though he has made a lease of it to another.  He transferred it with the original wrong, and his demise affirms the continuance of it.  He also has rent as a consideration for the continuance, and, therefore, ought to answer the damage it occasions.—2 Salkeld's R., *Rosewell v. Pryor*, 460 ; 1 Salk. 13, *Tuberville v. Stamp ;* 1 Salk. 19.  Anything constructed on a person's premises which, of itself, or by its intended use, directly injures a neighbor in the proper use and enjoyment of his property, is a nuisance.

The judgment is affirmed.