# Central of Georgia Ry. Co. *v.* Clements.

*Damage for Injury to Passenger.*

(Decided Dec. 1, 1911. 57 South. 52.)

1. *Evidence; Experts; Effect.*—Expert testimony as to physical condition, disease, injury, etc., goes to the jury to be weighed by them with other evidence in passing on the true cause of the disease in question, if it is a material subject of inquiry.

2. *Same; Injuries; Non Expert Evidence.*—Under the evidence in this case as to the nature and character of the injury, and the expert opinion, the plaintiff, a non expert, should not have been permitted to testify that the injury to his chest had affected his lungs or speaking organ.

[Central of Georgia Ry. Co. v. Clements.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by W. F. Clements against the Central of Georgia Railway Company for injuries alleged to have been received in alighting from the train, or while on the station ground of the defendant. Judgment for plaintiff and defendant appeals. Reversed and remanded.

B. F. REID, for appellant. The court erred in the admission of evidence that the plaintiff asked the doctor to hold on, that his side hurt him so bad.—*Stowers F. Co. v. Brake,* 158 Ala. 647. The witness Jones should not have been allowed to answer as to how the plaintiff complained, as it was not a part of the res gestae.—*Nelson v. The State,* 130 Ala. 83. The plaintiff was improperly allowed to thrust illegal evidence into the case.—*Nelson v. The State, supra.* Counsel discusses other assignments of error relative to evidence, but without additional citation of authority. Counsel also insists that under the evidence, defendant was entitled to the affirmative charge and in support thereof cites.—*McMelon v. The I. C. R. R. Co.* 52 South. 783.

H. L. MARTIN, for appellee. All the evidence objected to in assignments of error 1 to 12 called for matters which were of the res gestae, and were properly admitted.—*Western S. C. & F. Co. v. Beam,* 163 Ala. 255; 148 Ala. 519; 151 Ala. 77; Id. 118. Counsel discuss the other assignments of error, and cite the authorities above set forth. The defendant was not entitled to the affirmative charge.—121 Ala. 123; 91 Ala. 426; 108 Ala. 423; 120 Ala. 153; 132 Ala. 418.

DE GRAFFENRIED, J.—1. The most difficult practical science of which we have knowledge is the science of medicine. It is a matter of common knowledge that the most eminent diagnosticians frequently disagree as to the true nature or actual cause of a disease. While for some of the simple and common ailments, such as colds, indigestion, headaches, etc., the ordinary man suffering therefrom may, in a rough, practical way, assign the cause, nevertheless, when the cause of a disease or of some material ailment of an important organ of the human body is the subject of inquiry, only the opinion of a diagnostician, of a man skilled in the mysteries of medicine, can ordinarily be resorted to. And when this is done the law knows that the opinion of an expert is not infallible, and such opinion, when rendered upon a given state of facts, goes to the jury as evidence to be weighed by them, along with the other evidence, in passing on the question as to the true cause of the disease or ailment, if that is a subject of material inquiry before them. *Mobile Life Ins. Co. v Walker,* 58 Ala. 290; *Zinn v. Rice,* 161 Mass. 571, 37 N. E. 747.

2. The appellee, after he had alighted, or in attempting to alight, from a train of appellant, received certain injuries, but whether they were received by him through the negligence of appellant's servants while acting in the line of their employment was a matter in grave dispute. If the evidence of appellee contained the true version of the matter, there was evidence from which the jury were authorized to find a verdict in his favor. On the other hand, if appellant's witnesses swore truthfully, then there should have been a verdict for the appellant. Appellant's testimony tended to show that appellee's injuries were received *after* he had alighted from the train, and were caused by reason of the fact that appellee fell over a stool.

3. A few days after receiving the injuries, the appellee was attended by a physician, who, testifying as a witness in behalf of appellee on the trial in the court below, said: "I also found that something had pierced his breast apparently, and took it for granted that it was an umbrella rib that had pierced it. It had a scab on it, but I would not pull it off, and did not probe it." Whether this wound was a mere surface wound, or whether the instrument which made it went through the chest, the evidence fails to disclose. In this evidence of this physician, there is nothing to be found about any injury to appellee's *lungs* or *speaking organs,* and the evidence of this physician was appellee's evidence. It appeared from the evidence, that, certainly at one time, and possibly at the time of the trial, appellee complained of a throat or lung trouble, or both, and the court, against the seasonable objection of appellant, permitted the appellee to testify that the injury received by him to his chest had affected his lungs or speaking organs.

It is not pretended that appellee was a physician or a medical expert. It is our understanding that a witness who is *not* an expert may testify to facts, but, as above stated, as a general rule, not to deductions or conclusions from facts. In case of an injury, he may state the facts, his symptoms, etc.; but he cannot, as a rule, state that such injuries resulted in some particular disease to some organ not *actually* injured. In the present case, it was entirely permissible for appellee to state that the rib of an umbrella stuck into his chest, that his hands were bruised, his fingers and ribs broken, and his hips injured, and it was also permissible for him to state that after that time he suffered from a cough and a sore throat; but we think that only an expert could say that his lungs or speaking organs, neither of

which organs was actually injured by the fall, had become involved by reason of injuries to the above or other parts of his body. This deduction was one only which a medical expert could draw from the facts, or the jury in their exclusive province as triers of the facts. Suppose a few weeks after the alleged injuries the appellee had been taken with a fever. Could he be permitted to say that, in his opinion, the injuries were the cause of the fever? Suppose he had, shortly after the injuries, been attacked with pneumonia. Could he be permitted to say that such pneumonia was caused by his injuries? The questions, it seems to us, formulate their own answer. Whether the alleged cough or throat trouble was due to tuberculosis, la grippe, or to the injuries received by him was certainly not for appellee, a nonexpert, but, at best, for a medical expert or the jury, under all the facts, to say. "It is, as a general rule, not permissible to examine as to the opinions or conclusions of a witness, for these are to be formed by the jury, unless where the opinion is an inference of skill and judgment. The legal course is to ask such questions as will elicit facts from which the jury may draw their own conclusions." *Bullock v. Wilson,* 5 Port. 338; *Western Steel Car & Foundry Co. v. Bean,* 163 Ala. 255, 50 South. 1012.

We are therefore of opinion that the court committed reversible error in permitting the above testimony to go to the jury. The record does not affirmatively show that the admission of this evidence was not prejudicial to appellant, for we do not know what weight the jury attached to it in estimating appellee's damages.

4. There are a number of other questions presented by the record, but, as they may not arise on a subsequent trial of this case, we refrain from discussing them.

[Republic Iron & Steel Co. v. Lawson.]

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.