(84 South. 408)

## STEEL CITIES CHEMICAL CO. v. JENKINS. (6 Div. 548.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

1. NUISANCE ⬅50(1)—DAMAGES FOR INJURY TO HEALTH OF FAMILY RECOVERABLE.

In action for damages for creation of a nuisance by means of noxious gases and fumes, plaintiff who owned land in the vicinity may, as part of his damage, recover for injury to the health not only of himself, but his wife, and different members of his family.

2. NUISANCE ⬅50(1)—DAMAGES FOR LOSS OF COMPANY OF FAMILY RECOVERABLE.

Where defendant created a nuisance allowing noxious gases and vapors to escape from its plant, plaintiff, a landowner in the vicinity, may as part of his damage recover for loss of the company of his family.

3. NUISANCE ⬅49(4)—EVIDENCE OF VALUE OF CROPS PROPER.

In action for nuisance resulting from emission from defendant's plant of noxious gases and vapors, etc., where destruction of growing crops was alleged, testimony as to the value of such crops at time of destruction, including a fruit crop, was proper; it not appearing that any permanent injury to fruit trees was included in the estimate.

4. APPEAL AND ERROR ⬅1056(1)—EXCLUSION OF EVIDENCE HARMLESS ERROR WHERE APPELLANT COULD NOT HAVE BEEN INJURED.

In an action for damages from the creation of a nuisance where, though the complaint alleged that the premises and real property were made less valuable, plaintiff closed without proof of damage to the realty, thus abandoning any right to recover for permanent injury, defendant cannot complain that it was not allowed to show the difference in value of the real estate before and after the injury.

5. NUISANCE ⬅50(2) — DAMAGES FOR DEPRECIATION IN MARKET VALUE OF PREMISES HELD NOT RECOVERABLE.

Where a nuisance complained of was abatable, the landowner injured cannot recover for depreciation in the market value of his premises, and hence testimony as to such depreciation was properly excluded.

6. NUISANCE ⬅50(2)—DAMAGES FOR DIMINUTION OF RENTAL VALUE RECOVERABLE.

A landowner injured by an abatable nuisance may continue to occupy his premises as a residence assuming that the nuisance will be abated, and may recover diminution of the rental value as well as damages for injuries to crops and for actual inconvenience and physical discomforts.

7. APPEAL AND ERROR ⬅1033(5)—INSTRUCTION IN NUISANCE CASE OMITTING ELEMENT OF RECOVERY NOT PREJUDICIAL TO DEFENDANT.

In an action for damages for creation of an abatable nuisance, an instruction on the measure of damages, which erroneously failed to inform the jury of plaintiff's right to recover the diminution in the rental value of his property, was not prejudicial to defendant, tending to reduce rather than increase the damages.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Henry Jenkins against the Steel Cities Chemical Company for damages for injury to his premises. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint charged, in substance, that the defendant wrongfully caused damage to the property of the plaintiff by wrongfully causing noxious odors, gas, and dust to be wafted or blown upon plaintiff's property and to surround his premises. The defendant

────────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 79.

owned and operated an industrial plant for the manufacture of sulphuric acid, situated in the general industrial district, but not in the city of Birmingham, in a sparsely settled part of the town, while the plaintiff owned about three acres of land situated near the plant of defendant, which is alleged to have been damaged as to crops and as a place of residence. The other facts sufficiently appear.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

In support of their contention as to damages, counsel cites the following cases: 192 Ala. 568, 68 South. 867; 83 Iowa, 270, 49 N. W. 95; 52 S. E. 166; 194 Ala. 110, 69 South. 417; 158 Ala. 618, 48 South. 73.

C. D. Comstock, of Birmingham, for appellee.

This case is ruled by the following cases: 86 Ala. 515, 6 South. 47; 2 Ala. App. 652, 56 South. 830; 182 Ala. 633, 62 South. 40; 14 Ala. App. 194, 68 South. 1015; 161 Ala. 278, 49 South. 851; 3 Ala. App. 312, 57 South. 1011.

SAMFORD, J. [1] On the trial of the case the defendant moved the court to strike from the complaint as an element of damage the allegation that the health of the other members of plaintiff's family was greatly impaired. The health, not only of the plaintiff, but also of the plaintiff's wife, his family, and its different members, are elements of damage to which the plaintiff is entitled in a suit of this character. The court therefore properly overruled this motion. 4 Sutherland on Damages, par. 1051, p. 3903.

[2] The court also properly overruled the defendant's motion to strike from the complaint as an element of damage the allegation that "the plaintiff was deprived of the company of members of his family." "The company" of a man's family in his home is one of the rights to which he is entitled under the law and in which the courts will protect him. If he is deprived of this right by the maintenance of a nuisance, he is entitled to be compensated for the loss in a proper and timely suit. Jefferson County Fertilizer Co. v. Rich, 182 Ala. 633, 62 South. 40.

[3] The court did not err in overruling defendant's motion to exclude the answer of witness Harold Jenkins as follows: "The value of the crops, including the fruit crop and growing vegetables, amounted to $700 at that time." The value of the growing crops at the time of its destruction by the fumes from defendant's plant was one of the allegations of damage, and evidence tending to prove this was material. The answer of the witness of the interpolated question of defendant's counsel, to the effect that witness included the fruit trees in his answer, evidently referred to the fruit on the trees, as the inquiry at this point had been and was confined entirely to injury to the crops and not to permanent injury to the land.

[4] If the court was in error in refusing to permit the defendant to prove the difference in value of the real estate before and at the time of the injury, such action was without injury to the defendant. While it is true the complaint, amongst other things, claimed damage in that "the premises and real property were made less valuable," the plaintiff had closed his evidence without proof of damage to the realty, and thereby abandoned any claim he might have had to permanent injury.

[5] In this case the proof leaves no doubt that the nuisance complained of was abatable and remediable and plaintiff could not recover for depreciation in the market value of his premises. H. A. & B. Railroad Co. v. Matthews, 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; S. S. S. & I. Co. v. Mitchell, 161 Ala. 278, 49 South. 851. Hence testimony offered for this purpose was immaterial and irrelevant, and the court did not err in excluding it.

[6, 7] In its oral charge the court charged the jury as follows:

"I charge you that he would be entitled to recover such amount as would reasonably compensate him for the damage to his crops and the injury to his home as a home, taking into consideration any evidence of discomfort and suffering, if you find he suffered such under the evidence in the case. Now I further call your attention to the fact this complaint claims damages only for the 12 months next preceding the filing of this suit; that is, on May 19, 1916. If you find the plaintiff is entitled to recover, he is only entitled to recover damages of the kind I was just telling you about; that is, crops, as to the crops, and as to the injury to his home as a home, for that 12 months."

The plaintiff was occupying the premises described in the complaint as a home and was not required to leave it. He could assume that the nuisance would be abated. Diminution of the rental value of the premises, therefore, during the continuance of the nuisance, was an element of damage that might have been recovered in this action; but the plaintiff's right to recover was not limited to the diminution of the rental value. He was also entitled to recover damages to his crops and for actual inconvenience and physical discomforts which materially impaired the healthful enjoyment or occupancy of his home caused directly by the nuisance without his fault. Sutherland on Damages, par. 1051, p. 3907; Central Georgia Power Co. v. Pope, 141 Ga. 186, 80 S. E. 642, L. R. A. 1916D, 358. That part of the oral charge of the court above set out, to which exception was taken by the defendant, omitted the diminution in rents as an element of damage; but it included the other. This omission could not result in injury to the defendant, as it tended to reduce rather than increase

the damages recoverable by the plaintiff in this action.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.