(125 So. 795)

**BRYSON et al. v. PHELPS.** (3 Div. 629.)

Court of Appeals of Alabama. Nov. 5, 1929.

Rehearing Denied Jan. 7, 1930.

Ball & Ball, of Montgomery, for appellants.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

SAMFORD, J. The complaint is in five counts—the first two claims for wantonness and the last three claims for a simple negligence, in that defendant placed or caused to be placed *in a public highway of the County of Montgomery*, at a certain named place, nails, and as a proximate result therefrom plaintiff was injured, etc.

Briefly stated, the Walter J. Bryson Paving Company, acting through its vice president and alter ego, was engaged under contract with the Alabama state highway department in the construction of a pavement over and along a roadway then under construction, beginning at a point near the end of Bell street in the city of Montgomery and extending to a point some distance beyond the bridge over the Alabama river in the direction of Birmingham. The road had never been officially opened to the public by the highway department, and, while the Bryson Company had laid the pavement, the said pavement was yet "green," i. e., had not become hardened for a sufficient number of days to meet the requirements of the contract, so that it might be turned over by the Bryson Company and accepted by the highway department, from a point where the pavement joined the Selma road, to a point beyond Hunter Station on the South side of the Alabama river. So that this part of the pavement was still in the possession and under the control of the Bryson Company for construction purposes. During this time it was the duty of the Bryson Company to protect the pavement so that it could and would come to a point of hardness sufficient to meet the terms of the contract, and it was also a part of its duty to erect and maintain proper and approved barriers across the pavement so as to warn travelers that the road was closed and to prevent its use by vehicles of any kind. The Bryson Company did erect barriers at each end of this uncompleted pavement, to wit, at a point just beyond the Selma road on the end next to Montgomery and at Hunter's store on the other end. As to whether the barrier on the Montgomery end was properly maintained was a disputed fact and a question for the jury. The "shacks" and camp of defendants were located near the right of way of the roadway near Hunter's store in which camp lived the employees of defendant and where was kept its road equipment, implements, etc. In front of this camp, and on the pavement completely laid but unseasoned, was placed a large quantity of flat-headed nails about 1¼ inches in length. These nails were scattered along the roadway for quite some distance and covering the entire width of the roadway, so that an automobile could not pass over said pavement without having its tires punctured by said nails, thereby injuring the tires and rendering the occupants thereof liable to great physical danger. The nails were bought by and were the property of the defendant company.

The three major questions as presented by assignment and brief are: (a) The failure of plaintiff to prove that defendants were responsible for the placing of the nails. (b) Was the place at which the nails were a public highway? And (c) contributory negligence of plaintiff.

As to (a): There was testimony from which the court might have, upon written request, instructed the jury that A. C. Bryson was the *alter ego* of defendant company. He was the agency through which it acted and any admission relative to the placing of the nails made while the pavement was still incomplete and in the possession and control of the company would be binding both on him and the Bryson Company. The rule as laid down in Bessemer Coal & Iron Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. (N. S.) 389, and similar cases is the rule here. A. C. Bryson was in the discharge of his duties in and about the possession and preservation of the pavement, which was still in the possession and under the control of the Bryson Company. In addition to some circumstances tending to prove the agency of the Bryson Company in placing and maintaining the nails on the road, the plaintiff's testimony tended to prove that A. C. Bryson admitted that he gave the order and that the nails were placed on the pavement under his instruction. As we have above said, A. C. Bryson was the *alter ego* of the corporation, and admissions made by him within the line of his duty became a part of the res gestæ and are binding on his principal. 14A C. J. 475, par. 2338. Moreover, this evidence was clearly admissible as against A. C. Bryson, and we find no motion that it be limited to him. In fact we find no exception in the record properly raising the question as to the admissibility of this evidence. The evidence on this issue was in dispute and was therefore properly submitted to the jury.

As to (b): There was no evidence that the pavement at the place where the nails were placed was "under the control and kept by the public, dedicated for that purpose by the owner, used by the public for twenty years or established in a regular proceeding for that purpose." The foregoing is the definition given for a public highway in Dunn, etc., v. Gunn, 149 Ala. 583, 42 So. 686. We know of no better definition, nor are we cited to authority admitting of a different rule.

The plaintiff has based his claim for recovery on the allegation that the place at which the nails were placed was a "public highway of the county of Montgomery." That fact therefore becomes one of the issues to be determined by the jury from the facts. To permit a witness to testify that it was a "public highway" is a conclusion constituting error, and is invasive of the province of the jury. The only direct testimony that the place at which the nails were placed was, at the time, a public highway was this conclusion as testified to by plaintiff's witnesses, and should have been excluded on defendants' motion, which the court overruled. It is permissible for a witness to testify to the name of a highway to designate a route between places, but, where the question of the public nature is involved, a witness cannot testify to the conclusion that it is or is not a highway. C. of G. Ry. Co. v. Faulkner, 217 Ala. 82, 114 So. 686; B. of P., etc., v. Trimm, 19 Ala. App. 429, 97 So. 770; 12 So. Dig. ☞472(1).

■ While defendants' refused charge D-16 is a correct definition of a public highway, the definition is too narrow as applied to cases of this nature. Every public thoroughfare is a highway, and a way open to all the people is a highway whether it is, strictly speaking, public or private. Dunn, etc., v. Gunn, 149 Ala. 583–593, 42 So. 686; Elliott Roads & Streets, par. 11, 1, 3.

■ As to (c): Contributory negligence. This plea was not good as to the wanton or willful counts and as to the counts claiming for simple negligence the facts were in dispute and the issue was properly submitted to the jury.

We do not pass upon the question of whether the act was wanton or merely negligent. On another trial the question may not arise. But we deem it not amiss to say that to scatter nails of the character here shown, in large quantities among a public highway, if in fact it was a public highway, so as to endanger the lives and property of those who travel in high power automobiles, is wantonness of the grossest kind. And if the place at which the nails were was not a public road, if defendants so permitted the barriers to be removed ·or to become open as to constitute an invitation to the public to use the road, or an implied permit for its use, he cannot make pitfalls or place dangerous obstructions in the traveled way without first giving notice or warning to those making use of the way. In such a case resultant injury would entitle the injured party to maintain a suit for simple negligence. Dunn, etc., v. Gunn, supra.

■ That part of the oral charge to which exception was reserved is free from error. Where the action is in tort and there is proof of injury to the person or estate of plaintiff, damages for mental pain and anguish growing out of the wrong are recoverable. Bessemer L. & I. Co. v. Jenkins, 111 Ala. 135, 18 So. 565, 56 Am. St. Rep. 26; Union Cemetery Co. v. Harrison, 20 Ala. App. 291, 101 So. 517.

For the errors committed by the court in rulings on evidence as above pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.