GEORGE BRAUN *vs.* MICHAEL IANNOTTI.

DECEMBER 3, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case to recover damages caused by smoke from the furnace in defendant's greenhouse which is located near the plaintiff's dwelling house. At the conclusion of the testimony the trial justice directed a verdict for the defendant on the ground that plaintiff had failed to produce evidence showing

that the damage was the result of negligence of the defendant; and the case is before us on plaintiff's exception to such direction.

Counsel for the defendant argued the motion for a directed verdict on the theory that the action was one of negligence. Counsel for the plaintiff failed to bring to the court's attention the fact that the gist of the action was nuisance and not negligence, and the ruling was the result of an erroneous assumption that the action was based on an allegation of negligence.

The writ and also the declaration designated the action as one of "trespass on the case" without further description. The declaration alleges that the defendant "wrongfully, carelessly, negligently and in an improper manner caused smoke, soot and other foreign matter from fires and furnace of said defendant located in premises adjoining said plaintiff, to blow against and come in contact with premises of plaintiff by reason of the smokestack erected in such a careless and negligent manner, without being a sufficient distance from plaintiff's premises, so that on, to wit, the 1st day of October, 1931, and divers other times thereafter, said plaintiff's premises were greatly damaged and the paint was greatly damaged and ruined on the exterior of said premises and said premises were rendered unfit for occupation and said plaintiff has been unable to obtain rents or profits therefrom and said plaintiff has and will be required to make repairs on account of said damage and hath lost gains and profits and been otherwise greatly damaged . . ."

The facts, of which the plaintiff complains in this declaration, constitute a nuisance. Wood, Law of Nuisances, Sec. 507; *Aldrich* v. *Howard*, 8 R. I. 246; *Blomen, Frederickson* v. *N. Barstow Co.*, 35 R. I. 198. The declaration does not allege that the facts complained of constitute a nuisance. Such an allegation is unnecessary.

In *Sullivan* v. *Waterman*, 20 R. I. at page 375, this court said: "It is true, as argued by defendant's counsel, that

the declaration does not in terms allege that the acts complained of constituted a nuisance, but we do not think this is necessary so long as said acts as stated amount to a nuisance in fact and in law; and to allege in the declaration, therefore, that they constituted a nuisance would simply be to state a conclusion of law. The ordinary forms for declarations in actions of this sort simply set out the facts complained of, without averring that they constitute a nuisance." See also 46 C. J. 806.

It is true that the plaintiff has deemed it proper to point out the cause of the smoke invading his house and to declare that the damage was caused by the negligent construction of defendant's smokestack. The use of the word "negligent" does not convert the action into one of negligence. The declaration taken as a whole, complains not of the cause but of the effect which is produced by the defendant in violating his duty to the plaintiff thereby depriving him of his legal right not to be unreasonably deprived of the use and enjoyment of his home by reason of smoke and soot emitted from defendant's smokestack. Negligence is not the gist of the action and the allegation of negligence should be disregarded as surplusage.

In *Union Cemetery* v. *Harrison*, 20 Ala. App. 291, the court, quoting from *Alabama Western R. R. Co.* v. *Wilson*, 1 Ala. App. 306, and from *Sloss-Sheffield &c. Co.* v. *Mitchell*, 161 Ala. 278, said: " 'In cases of damage by nuisance it is considered that the injurious consequences resulting from the nuisance, rather than the act which produces the nuisance, is the cause of action, and hence it is held that the cause of action does not arise until harmful consequences occur. . . . Negligence of the defendant is not, ordinarily, an element,' and, if averred, such averments may be disregarded as surplusage." See also Sec. 3. Chap. 335, G. L. 1923.

The plaintiff introduced considerable testimony tending to show a nuisance and the case should have been submitted with appropriate instructions to the jury on the issue

whether the results of defendant's acts constituted a nuisance.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for a new trial.

*Harlow & Boudreau*, for plaintiff.

*Benjamin Cianciarulo, Edward A. Capomacchio*, for defendant.