# Sturges v. School District of the City of Chester

*J. DeHaven Ledward,* for plaintiff.
*Paul Lane Ives,* for defendant.

FRONEFIELD, P. J., April 9, 1938.—Defendant has filed an affidavit of defense in lieu of demurrer. The questions of law raised thereby must be decided against defendant.

Plaintiff filed a statement of claim in trespass and alleged that Annetta Sturges had been the owner of a property located on the south side of Seventeenth Street, Chester, Pa.; that the Pennsylvania Savings, Loan & Building Association (hereinafter called the Association) held a mortgage of $1,500 on said property; that the Association foreclosed said mortgage and received a deed therefor from the Sheriff of Delaware County on June 13, 1936, and has been the owner of said property since that date; that by an assignment dated October 5, 1936, the said Annetta Sturges assigned to the Association all her right of action against defendant; that on September 1, 1919, Seventeenth Street was a public street or highway of the City of Chester and had been for a period of 20 years and over before such time; that defendant, the School District of the City of Chester, is a municipal corporation of the State of Pennsylvania; that

on November 5, 1920, it purchased certain real estate directly to the west of plaintiff's property upon both the north and south sides of Seventeenth Street; that Seventeenth Street ran from Providence Avenue westward to Upland Street, being improved from Providence Avenue to the westerly line of plaintiff's property and unimproved from that point to Upland Street; that the natural slope of the ground was toward Upland Street; that for a period of 20 years and over, the water which collected upon Seventeenth Street drained in its natural course toward Upland Street and into a stream or natural water course and channel which ran through the premises of defendant; that in June 1923, defendant requested the City of Chester to vacate the portion of Seventeenth Street abutting its property leaving the remainder of Seventeenth Street a public street or highway; that the City of Chester, by ordinance passed June 15, 1923, did so, and defendant gave and executed to the City of Chester an agreement indemnifying the city against all damage, etc., by reason of said vacation; that the City of Chester did not change the natural drainage of, or the drainage which it had constructed for, Seventeenth Street; that on or about July 1, 1931, defendant, in violation of the rights of plaintiff, entered upon or near Seventeenth Street, at a point approximately opposite the westerly line of the premises of said plaintiff, and built across the same a wall or obstruction of several feet in height for the purpose of preventing the water which would naturally flow westward on Seventeenth Street from taking the natural course to the west; that defendant also filled in and abolished the said natural water course and channel; that the effect of said construction causes the water which accumulates on Seventeenth Street to be checked and forced in its almost entire volume upon the property of plaintiff and to prevent it from reaching the said water course and channel; that, in addition to the above, defendant so negligently and carelessly constructed the said wall or barrier that practically all the volume of said

water is forced in a volume at one point upon plaintiff's property and is not distributed upon other lands in the vicinity; that, if defendant had the right to erect the wall or barrier, which is denied, the manner of handling the water could have been such that it could have been distributed upon different properties in the vicinity and not forced in one volume at one point upon the property of plaintiff; that, in addition to the above, defendant so constructed said wall or barrier and the grade of its premises in close proximity thereto that the water which accumulated upon its premises is collected and forced or thrown upon said premises of plaintiff in large quantities; that defendant has been notified to remedy such condition but refuses to do so; that the trespass is a continuing one and still exists; and that plaintiff's property has been depreciated in value to the extent of $2,500.

To this statement of claim, defendant filed an affidavit of defense in lieu of demurrer alleging: (1) That defendant is a school district of the Commonwealth of Pennsylvania and, as such, is not liable for the negligence of its officers, agents, employes or contractors; and (2) that the statement of claim is insufficient in law and fails to state a cause of action.

We must decide against defendant upon both grounds. It is well settled that a school district is not liable for the negligence of its employes, etc., but the question remains as to whether or not it is liable if it maintains a nuisance. That question does not appear to have been squarely decided in Pennsylvania. In Carlo v. Scranton School Dist., 319 Pa. 417, it was said: "It is unnecessary to consider whether the maintenance of an undoubted nuisance would, in the event of injury resulting from it, subject a school district to liability".

However, there is dicta in several cases which would seem to indicate that a school district would be liable for maintaining a nuisance. In Brinton v. School District of Shenango Twp., 81 Pa. Superior Ct. 450, Keller, J. said,

"On the other hand, it has been held that this immunity, as respects governmental agencies, does not extend to cases of nuisance, as distinguished from negligence, and 'the fact that property is owned and controlled by a municipal or quasi municipal corporation or public charity, does not authorize the owner to maintain upon it a nuisance injurious to surrounding property, nor exempt such owner from liability to one who has suffered special injury from such nuisance': Rosenblit v. Phila., supra [28 Pa. Superior Ct. 587] p. 598; Briegel v. Phila., 135 Pa. 451. In such cases the doing of the wrongful act causes direct injury to the property of another outside the limits of the public work: Hill v. Boston, supra [122 Mass. 344] p. 358; not consequential, such as follows a purely negligent act or omission."

In Briegel v. City of Phila., 135 Pa. 451, the action was brought, as here, by a neighboring property owner to recover damages for water which came into his cellar and which was caused by a defectively constructed privy wall on the public school grounds. Defendant argued that the case was controlled by Ford v. Kendall Borough School Dist., 121 Pa. 543, which had held that public policy would not permit the school funds to be diminished for the benefit of any private individual by reason of the negligence of the school employes. Mr. Justice Mitchell, however, distinguished the Ford case on two grounds, first, that it was brought against the City of Philadelphia, which had funds other than school funds, rather than against the school district, and second, that it was an action for nuisance rather than negligence.

Furthermore, the weight of authority throughout the country holds that a school district is liable for a nuisance: See 24 R. C. L. 606; 56 C. J. 530, sec. 621, and cases there cited.

We have no hesitancy in deciding that the facts alleged in this case constitute a nuisance. They are very similar to those in Briegel v. City of Phila., supra, which were held to be a nuisance. The only difficulty is that

plaintiff does not allege them to be a nuisance. However, we feel that such an allegation would be a conclusion of law. In 46 C. J. 806, sec. 454, it is stated:

"The general rules in regard to the sufficiency of a complaint, declaration, or petition apply. It is not necessary to use the word 'nuisance' or expressly to allege that the matter complained of constitutes a nuisance, it being sufficient to state facts showing that the matter complained of is actually a nuisance."

This principle has been squarely held in The Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322, 23 N. E. 389, Campbell et al. v. The United States Foundry Co., 73 Hun. (N. Y.) 576, 26 N. Y. Supp. 165, Sullivan v. Waterman, 20 R. I. 372, 39 Atl. 243, and Braun v. Iannotti, 54 R. I. 469, 175 Atl. 656. It is true that Mr. Justice Maxey stated in Carlo v. Scranton School Dist., supra, "It is not in the statement of claim even averred to be in fact a nuisance", but the decision in that case was not based on that statement but rather on the proposition that the facts alleged did not actually constitute a nuisance.

We cannot agree that the statement of claim does not set forth a cause of action. While the owner of lower land, in a city, may in proper cases take steps to prevent surface water from coming on his land (see Rielly v. Stephenson, 222 Pa. 252), he has no right to discharge water, naturally falling on his own land, upon the land of the owner of higher land. Plaintiff's statement of claim alleges, inter alia, that "water which accumulates upon its [defendant's] said premises is collected and forced and thrown upon said premises of the said plaintiffs in large quantities".

*Order*

And now, to wit, April 9, 1938, the questions of law raised by the affidavit of defense be and they are hereby decided against the defendant. The defendant is hereby

granted leave to file a supplemental affidavit of defense to the averments of fact of the statement of claim within 15 days of notice to it or its council of record of the filing of the opinion.