# Cooke *v.* Cook.

*Action to Recover Purchase Money for Land.*

1. *Written contract modified by subsequent oral agreement.*—A vendor who has agreed in writing to make title in thirty days may show that the same day the vendee orally agreed to accept his bond for title instead.

2. *Waiver of condition in written contract.*—The evidence conflicted as to whether D , a real-estate broker, represented the vendor or the vendee, and whether he was empowered to exchange the papers. There was evidence that D. accepted a bond for title within the time agreed for making title, and notified the vendee, who made no objection to the bond within that time, but later wrote to the vendor that he could not perform the contract, not having the money. If D. was the vendee's agent, and empowered to receive the papers, the vendee's conduct was a waiver of the contract for title.

3. *Abstract charge, if harmless will not avail as error.*—An abstract charge is no ground for reversal unless it appears that the jury were mislead thereby to the prejudice of the party excepting.

4, *False representation; opinion.*—A broker's representations to the vendee that certain improvements on neighboring lots are contemplated, and that these lots will be much enhanced in value thereby, are express'ons of opinion, and unless known to the broker to be false, are no defense to a suit for the price.

5. *Charge ignoring material part of testimony.*—Where the evidence conflicts as to whether defendant orally agreed to accept a bond for title in lieu of the titles stipulated in writing, but there is evidence that defendant waived the requirement and accepted the bond. it is proper to refuse to charge that, if there were no such oral agreement, the jury must find for defendant, and that plaintiff has the burden to prove such agreement.

6. *Charge assuming facts not proven*—Where the false representations, if any, were made by the broker, as to whom there is evidence that he was defendant's purchasing agent, a charge based on the hypothesis that plaintiff made them is properly refused.

7. *False representations.*—Representations if made in the nature of an expression of opinion or belief, if simply erroneous or mistaken, are not a good defense ; to have that effect they must be made falsely and fraudulently and with the intent to deceive.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES B. HEAD.

Action by John F. Cook against John E. Cooke for the agreed price of land.

During the trial of the cause the plaintiff offered evidence

tending to show that after the making of the contract referred to in the opinion of the court, which was the basis of the present suit, and on the same day, the written contract was modified by oral agreement, in which it was agreed that the defendant should accept a bond for title in lieu of the title expressed in the written contract within thirty days; and that, in obedience to this latter agreement, the plaintiff prepared the said bond, and delivered it to D. R. Dunlap. The defendant objected to this testimony of the oral agreement on the grounds that it was illegal, irrelevant, inadmissible, and that it tended to vary or alter the terms of the written contract sued on in this action. The court overruled this objection, and the defendant duly excepted. The plaintiff afterwards introduced the bond which was so delivered by the plaintiff to the said Dunlap, and the defendant objected to the introduction of the said bond upon the same grounds as above stated, and duly excepted to the court's overruling his objection. All the other facts are sufficiently stated in the opinion.

Among other things, in the oral charge, the court instructed the jury as follows: (1) "If D. R. Dunlap was defendant's agent to receive from plaintiff for defendant the titles stipulated in the written agreement of the parties to be made by plaintiff to defendant, and if, as such agent, on the 3d day of October, 1890, said Dunlap accepted from plaintiff a bond for titles to the lots as and for a compliance with the contract on plaintiff's part to make titles; and if said Dunlap, before the expiration of the thirty days mentioned in the written agreement, notified defendant that he had received from plaintiff such bond for titles; and if defendant, receiving such notice before the thirty days were out, made no objection within said thirty days to the acceptance of said bond for titles by said Dunlap, but waited until November 3, 1890, and then refused to comply with the agreement on the ground that he was not able to pay the purchase-money, then the defendant must be held to have waived the making of a deed by plaintiff to defendant within said thirty days; and the making and delivery of the bond for titles must be held a compliance on plaintiff's part with his obligation to make to defendant titles to said lots within thirty days." (2) "In reference to false representations alleged to have been made by said D. R. Dunlap to defendant, the jury are confined to such representations as are alleged in defendant's pleas, and, if any other representations were made by Dunlap to defendant other than those alleged in the pleas, the defendant can not defend on account of them, howsoever

[Cooke v. Cook.]

false and material they may have been." (3) "The representation alleged in the plea as having been made by said Dunlap that the Georgia Pacific Railway Company and another railroad company or railroad companies were going to or would very soon build a union depot on said block No. 209, was, if made, in its nature an expression of opinion or belief on the part of said Dunlap, and can not be made a ground of defense in this case, unless it was knowingly false. If Dunlap made such representation honestly believing what he said to be true, then defendant can not defend on account of that representation." (4) "The representation alleged in the plea as having been made by said Dunlap, that the value of the lots would be greatly enhanced by the building of said union depot on said block No. 209, was, if made, in its nature an expression of opinion or belief on the part of the said Dunlap, and can not be made a ground of defense in this case, unless it was knowingly false. If Dunlap made such representation honestly believing what he said to be true, then defendant can not defend on account of that representation." The defendant separately excepted to each of the above portions of the court's oral charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (3) "If the jury believe from the evidence that there was no verbal or oral agreement by and between the parties to this suit subsequent to or after the making of the written contract or agreement sued on in this action that defendant would accept a bond for title, in lieu of or instead of a deed or conveyance, then the jury must find for the defendant." (4) "The court charges the jury that the burden of proof is upon the plaintiff to show that a subsequent verbal modification of the contract sued upon was entered into by the parties to this suit, whereby it was agreed that the defendant should accept a bond for title in lieu of a deed to the property described in said contract." (5) "If the jury believe from the evidence that said defendant was fraudulently induced by the plaintiff to enter into the contract or agreement sued on in this action in this: that the plaintiff falsely stated to the defendant that the Georgia Pacific Railway Company and another railroad or railroads were going to or would very soon build a union depot on or near block No. 209, on Twenty-seventh street in the city of Birmingham, Ala., (which block adjoins the block described in said complaint,) and that the grading for said grounds had been done or nearly done, and that the value of said lots described in said complaint would be very greatly enhanced thereby, then the jury must find for the defendant.;'

12

[Cooke v. Cook.]

APPLING & LAMAR, and McGUIRE & COLLIER, for the appellant.—The first to sixth assignments of error (inclusive) are well taken and should be sustained—the evidence should be confined to the case made by the complaint.—1 Green. on Ev. §§ 50, 51, 52; 2 *Ib.* § 2; 3 Brick. Dig. §§ 287, 289, 291. Subsequent oral modification of written contract, if relied on, must be averred in complaint.—74 Ala. 441; 1 Brick. Dig., pp. 808, 809, §§ 75, 76, 88-90; 3 Brick. Dig., p. 417, § 156. The second oral charge is abstract, and the giving of such charge is reversible error unless it affirmatively appears from the record that no injury resulted.—1 Brick. Dig. p. 780, §§ 100, 101. The representations referred to in oral charge 3 and 4, as having been made by Dunlap, were not in their nature expressions of opinion or belief, but statements of facts and as such, good grounds of defense whether knowingly false or not.—*Smith v. Richardson,* 13 Pet. 26; *Grim v. Byrd,* 32 Gratt. 293; *Atwood v. Wright,* 29 Ala. 346. The court in said charges ignored part of such representations— that part on which the charge of the court is predicated, taken with the parts omitted from the charge, together, constitute the false representation of a fact—this action of the court was prejudicial to appellant.—5 Law. Rights, Rem. & Prac., p. 3938, § 2356; 1 Green. on Ev., § 201; 1 Brick. Dig., p. 835, § 457; *Washington & G. R. R. Co. v. Varnell,* 98 U. S. 479. The court erred in refusing to give the general charge requested by appellant.—1 Green. on Ev., §§ 50, 52, 66, 69, 275, 277; 3 Brick. Dig., §§ 89, 388, 389. The court erred in refusing to give charges numbered 3 and 4 requested by appellant.—1 Brick. Dig., p. 780, § 101 ; 3 Brick. Dig., p. 433, § 388; *id.* p. 413, §§ 97, 98; 1 Green. on Ev. 50-52. The court erred in refusing to give charge numbered 5 requested by appellant.—3 Amer. & Eng. Encyc. of Law, 929 and note 4 ; Bish. on Cont. §§ 678-9; 1 Benj. on Sales, pp. 529, 554; *Foster v. Gressett,* 29 Ala. 393; *Atwood v. Wright,* 29 Ala. 346. That the falsity of the representation made by Dunlap need not have been known to him, &c.—Bish. on Cont., p. 258, 662 . 1 Benj. on Sales, p. 557, note 4; *Smith v. Richards,* 13 Pet. 26; 3 Brick. Dig., p. 509, §§ 19, 22; *Moody & Co. v. Ritz & Cullman,* 66 Ala. 206 ; *Crown v. Carriger,* 66 Ala. 590; 25 Ala. 554; 13 Ala. 323. Dunlap's principal is liable for his fraud and deceit in the course of his employment. *Lock v. Stearnes,* 1 Met. 560 ; *Fitzsimmons v. Joslin,* 21 Vt. 129 ; *Atwood v. Wright,* 29 Ala. 346.

COLEMAN & SOWELL, for the appellee.—The testimony objected to by appellant was within the issues as shown by

[Cooke v. Cook.]

the bill of exceptions, and it is competent to look to the bill of exceptions for that purpose.—*Brinson v. Edwards*, 10 So. Repr. 219; *Petty v. Dill*, 53 Ala. 641; *Raisin Fertilizer Co. v. J. J. Barrow Co.*, 97 Ala. 694. Furthermore the testimony was relevant as tending to show whether Dunlap was the agent of plaintiff or defendant, but even if irrelevant it was not reversible error to admit it.—*Kansas City R. Co. v. Ivy Leaf Coal Co.*, 97 Ala. 705; *Maness v. Henry*, 96 Ala. 454. It is the duty of the vendee to tender a deed to the vendor. *Eads v. Murphy*, 52 Ala. 520. The first oral charge was properly given by the court.—*Mc Whinne v. Martin*, 46 N. W. Repr. 118; Herman on Estop., pp. 769, 895; *Gregg v. Von Thul* (1 Wall. 68 U. S. 274); Hare on Contracts, p. 274; *Shutte v. Thompson*, 15 Wall. 82 U. S. 151; *Preston v. Amer. Linen Co.*, 119 Mass. 400; *Abbott v. Hermon*, 7 Me. 118; 3 Amer. & Eng. Ency. of Law, p. 912; 74 Ala. 96; 58 Ala. 541. The assignment of error based on the charge of the court that the opinions of Dunlap did not authorize a rescision of the contract are not tenable.—*Elyton Land Co. v. Birmingham Warehouse & Elevator Co.*, 92 Ala. 407; *Railway Co. v. Matthews*, 77 Ala. 357; 66 Ala. 590; *Bradfield v. Land Co.*, 8 So. Repr. 383; 93 Ala. 529.

HARALSON, J.—The cause of action in this case grew out of a written contract of sale of certain lots in the city of Birmingham, by John F. Cook, plaintiff below, appellee here, to John E. Cooke, the defendant and appellant, which contract was signed by both the parties on the 17th of September, 1890, whereby plaintiff sold said lots to defendant for the sum of $6,150.00, payable, $2,000 on the 25th of December, 1890; $2,050.00 on the 25th December, 1891, and $2,100.00 on the 25th December, 1892, each payment to bear interest from the 25th December, 1890. The language of the contract containing the mutual agreements to be performed by each party is, "It is understood and agreed, that the title to the lots described above is to be made by John F. Cook to John E. Cooke, as soon as John F. Cook can do so, say, within thirty (30) days, and said John E. Cooke to execute the notes to John F. Cook at same time." These agreements, although relating to the same subject, between the same parties and included in the same instrument, are independent, in the sense that each party is bound to perform his part of the contract, without reference to the discharge of his obligation by the other, and each being ready and able and willing to perform, has his action against the other for the non-performance of his agreement. A failure

to perform by either would afford good ground of rescision, at his option, by the other.—2 Parson on Contrs., § 528.

The plaintiff sues to recover the first payment under said contract of sale, which by the terms of sale was to have been paid on the 25th December, 1890. In the second and third counts plaintiff avers, "that defendant has wholly failed and refused to comply with the terms of said contract in any respect," and "that he was and is still ready and willing and offered to comply with the terms of said contract on his part."

The defense set up in four pleas is, 1st, a denial of every material allegation in the complaint; 2d, want of consideration; 3d and 4th, in substance, that defendant was induced to enter into said contract by the false and fraudulent representations of plaintiff, through his agent, D. R. Dunlap, that the Georgia Pacific Railway Company and another railroad or railroads were going, very soon, to build a Union depot on or near block 209 on 27th street in said city of Birmingham, adjoining the block in which the lots sold to defendant are located, and that the grading of the ground for said depot had been done or nearly done, and that the value of said lots would be greatly enhanced thereby.

The evidence for the plaintiff tended to show, that in and throughout the negotiations for and the transaction of the sale of said lots by plaintiff to defendant, D. R. Dunlap, a real estate agent, residing in Birmingham, was the agent of and represented the defendant; and, on the other hand, there was evidence by the defendant tending to show, that said Dunlap was the agent of and acted for the plaintiff in said negotiation. The plaintiff's evidence also tended to show that it was agreed between the parties, that when the deed and the notes were executed by the respective parties in accordance with the terms of the contract, they should be delivered to said Dunlap to be by him delivered to the parties to whom they were respectively going. The evidence of the defendant tended to contradict any such agreement.

The evidence tended further to show, that on the 3d of October, 1890, the plaintiff executed and delivered to said Dunlap, for the defendant, a bond for titles to said lots, and that Dunlap received said bond, as and for an execution of the contract by plaintiff to make titles in thirty days, and on the following day,—the 4th of October,—he wrote to the defendant, at his post-office, a letter, which was received by him, in which he informed him of the deposit with him by plaintiff of said bond for titles; that plaintiff had urged him, Dunlap, to wire him, defendant, but that he had assured

[Cooke v. Cook.]

plaintiff that it was all right, on your (defendant's) part. It was shown further, that notes as required by contract of sale, had been drawn up and forwarded to defendant by Dunlap, which were received, and that on the 13th of October, in reply to Dunlap's letter of the 4th, informing him of the deposit with him of said bond for titles, he made no objection to what had been done, and stated that he would come or send over to Birmingham soon and close up, asking if he had anything new about the Union depot, and stating that he would like to sell 100x100 feet of the lot, as he would have as much as he wanted remaining after such a sale.

On the 3d of November, 1890, defendant wrote to Dunlap and informed him that he could not comply with the terms of the contract, basing his conclusion on his pecuniary misfortunes and his inability to raise the money, and not for any default or inability on the part of the plaintiff in the performance of his part of the contract, or for any deception or fraud that had been practiced on him by plaintiff, to induce him to make an improvident purchase. He concluded that letter by saying, "All these things are upon me here and are against me, and I can not take the lot. I regret it but can not help it."

The plaintiff never executed any other paper to the defendant until on the trial of this cause he tendered to him a deed duly executed and acknowledged, with covenants of warranty, conveying to him the lots mentioned in said contract of sale, which the defendant refused to accept. The defendant never executed said notes, nor did he tender to plaintiff a deed to be executed by him to said lots.

There was evidence of the defendant tending to show, that said Dunlap and defendant went on said lots to inspect them, and while there, as an inducement to purchase said lots, Dunlap represented to defendant, that the Georgia Pacific Railway Company and another railroad company or companies were going to build, very soon, a union depot, on or near block 209, adjoining these lots, and that the grading for said depot had been done or nearly done, and that the value of said lots would thereby be greatly enhanced, and that the fact that said depot was going to be built, was a secret known to but few, and cautioned defendant against saying any thing about it. The plaintiff's evidence was in conflict with that of the defendant in reference to these alleged representations, said to have been made to induce defendant to buy said lots. It was shown that no union depot has been erected, or commenced to be erected on said block 209.

[Cooke v. Cook.]

I.   After the evidence on the trial was all introduced, and before argument began, the defendant renewed his objections severally to the introduction of said bond for titles and the oral evidence in connection therewith, and moved the court, separately to exclude the same, which motion the court overruled.

There was no error in this ruling of the court. It was clearly competent to show that defendant agreed to accept a bond for titles to the lot from plaintiff, in lieu, for the time, of a deed which he was to have made within thirty days.

II.   It must be admitted, that if Dunlap was the agent of defendant to receive the titles stipulated in the agreement between the parties, to be made by the plaintiff to the defendant, and if, as such agent, on the 3d of October, 1890, said Dunlap accepted from plaintiff a bond for titles to the lots sold, as and for a compliance with the contract on plaintiff's part to make titles, and if Dunlap, before the expiration of the 30 days within which plaintiff was to make titles, notified defendant that he had received from the plaintiff such bond for titles, and defendant receiving such notice before the 30 days were out, made no objection, within that time, to the acceptance of said bond by said Dunlap, but waited until November 3d, 1890, and then refused to comply with the agreement of purchase, on the ground, he was not able to pay the purchase-money, then, the defendant must be held to have waived the making of a deed by plaintiff to him within the 30 days, and the making and delivery of the bond for titles under such circumstances would be a compliance in law on plaintiff's part, with his obligation under said contract to make titles to defendant.

These were the instructions given by the court to the jury in its first oral charge, and were free from error.

III.   The second oral charge asserts a correct proposition of law though it appears to be abstract.   An abstract charge is no ground for reversal, unless it appears that the jury were misled thereby to the prejudice of the party excepting. Such could not have been the case here.   The principle announced in the charge was correct, and as fair for the one as for the other side.—3 Brick. Dig. 113, § 107.

IV.   The principle asserted in the 3d and 4th oral charges were free from error.—*Montgomery S. R. Co. v. Matthews,* 77 Ala. 358 ; *Bradfield v. Elyton Land Company,* 93 Ala. 527 ; *Birmingham W. H. & E. Co. v. Elyton Land Co.,* 93 Ala. 549.

V.   There might have been no special oral agreement between the parties, for a modification of the original written agreement of sale, such as is hypothesized in the 3d and 4th

VOL. C.

[Sharp v. Allgood.]

charges requested by defendant, and such as the evidence tends to show was and was not made, and yet, in the absence of such an agreement, if the plaintiff tendered a bond to defendant in place of a deed, and it was accepted by him as a compliance with plaintiff's agreement for a deed, it will be held to have been a waiver by defendant of his right to require a deed at that time. The charges, therefore, were calculated, to mislead the jury, and were properly refused.

VI.    Charge No. 5, requested by defendant was properly refused. There is no proof that plaintiff made any such statement as is therein hypothesized, and it ignores the evidence tending to show that Dunlap was defendant's and not plaintiff's agent, in the transaction of the sale and purchase of the lot; and besides, however that may have been, under this charge the representations of Dunlap, the only ones shown to have been made, if made in the nature of an expression of his opinion or belief, and were simply erroneous or mistaken, would not entitle the defendant to a verdict. To have that effect, the representations ought to have been made, knowing them to be false. They must have been "made falsely and fraudulently and with the intent to deceive." "Less than intentional deception in such conditions," will not answer.—93 Ala. 549; *Ib.* 529.

Affirmed.