147 So. 595
## AMERICAN NAT. INS. CO. v. WALSTROM.
### I Div. 761.

Supreme Court of Alabama.
April 13, 1933.

Harry T. Smith & Caffey, of Mobile, for appellee.

Smith & Johnston, of Mobile, for appellant.

GARDNER, Justice.

In Providence Savings Life Assurance Soc. v. Pruett, 141 Ala. 688, 37 So. 700, where certain provisions of a life insurance policy were sought to be pleaded in defense of a suit thereon, it was ruled the pleas were defective by reason of the words "among other things" (referring to provisions of the policy contract) based upon the theory that for all shown by the plea the "other things" averred to be in the contract may have so controlled the particular provision set up as to show it was not intended to be and was not in fact as it purports upon its face. Hunt v. Preferred Accident Ins. Co., 172 Ala. 442, 55 So. 201; Providence Savings Life Ins. Soc. v. Pruett (second appeal), 157 Ala. 540, 47 So. 1019.

■ Plea 10, upon which defendant lays particular stress, as well as pleas 8 and 9, each are subject to the defect pointed out in these authorities, and we find no suggestion in appellant's brief by way of answer thereto. We think the assignments of demurrer sufficiently take the point and suffice to sustain the court's ruling.

■ There was no amendment of these pleas, and the cause was tried upon the plea of the general issue and pleas setting up fraudulent representations on the part of the insured as to his previous health condition. The application does not appear to have been made a part of the policy, and while, by virtue of our statute (section 8371, Code 1923) not to be considered as a part of the policy contract, may nevertheless be received as evidence of representations in support of a plea of fraud and deceit. Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466.

The defendant insists that, notwithstanding insured in his application answered in the negative the question as to whether or not within the last three years he had suffered illness or disease, or had any physical or mental defect, he had in fact a cancer and afterwards died of an operation therefor, the cause of the death being given as "surgical shock." But it appears from the proof, including the testimony of the doctor, which was by no means positive to that effect, that it was a question for the jury whether the insured in fact had cancer at the time of the issuance of the policy, and it was clearly open to the jury to find that, if he did have cancer, he had no suspicion thereof, and considered the operation one of minor importance, with no seriousness attached thereto, but only a temporary disorder. Independent Life Ins. Co. v. Butler, supra.

The answers to the questions were declared and warranted to be "complete, correct and true to the best of my knowledge and belief," to use the language of the application. Under the tendencies of the evidence above outlined, therefore, it was open to the jury to find that insured had answered the questions honestly and in good faith and truthfully as well. Massachusetts Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; 3 Cooley's Briefs, 2110 et seq.; 26 Corpus Juris, 1079 and 1131.

Under the issues presented, as above indicated, the affirmative charge was properly refused. And we may add also that upon a careful study of the record we are not persuaded the verdict should here be disturbed as being contrary to the great preponderance of the evidence.

Defendant's pleas of fraud presented in fact the only contested issue in the case, and, when the entire charge of the court is considered in connection with that excepted to and forming the basis of the fourth assignment of error, it is apparent the court was merely instructing the jury upon the issue of fraud as it related to the honesty of intention and good faith on the part of the insured as presented in the pleas of misrepresentation and fraud.

■ Refused charge 4 (fifth assignment) is rested upon the assumption that insured had warranted that he had no disease, but such was not the case. The policy contains the statement that it was issued upon "an application which omits the warranty usually contained in applications," and that "all statements made by the insured in the application hereof shall, in the absence of fraud, be deemed representations and not warranties." And in the application the insured stated: "I hereby apply for insurance for the amount herein named, and I declare and warare complete, correct and true, to the best of my knowledge and belief." Under the language of such an application in connection with that of the policy expressly recognizing that it does not contain the usual warrant that the answers to the above questions ranties, if the insured answered honestly and in good faith his opinion and belief and in fact was unaware that any seriousness attached to his former illness, and considered it a matter of trivial importance, then there was no fraudulent misrepresentation, for an honest but erroneous expression of opinion or belief is not fraud. 26 Corpus Juris, 1131 and 1079; Cooke v. Cook, 100 Ala. 175, 14 So. 171; Brown v. Freeman, 79 Ala. 406; Massachusetts Mut. Life Ins. Co. v. Crenshaw, supra.

The refused charge here considered denominated insured's failure to disclose his former illness, a fraud as a matter of law, although as a matter of fact he may not have known or had the slightest suspicion that the operation he had undergone was of a serious nature. There was no error in the refusal of charge 4, and the above observations are equally applicable to refused charges 7 and 8.

We have considered the several assignments of error argued by appellant, and we

find no cause for reversal of the judgment. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.