125 So.2d 704

UNITED INSURANCE COMPANY OF AMERICA

v.

Morlan M. RAY.

2 Div. 415.

Supreme Court of Alabama.

Dec. 1, 1960.

Rehearing Denied Jan. 12, 1961.

Dominick & Roberts, Tuscaloosa, and G. E. Sledge, Greensboro, for appellant.

LeMaistre, Clement & Gewin, Walter P. Gewin and Perry Hubbard, Tuscaloosa, for appellee.

MERRILL, Justice.

Appellee Ray sued appellant for total disability benefits for an alleged accidental injury under a policy of insurance. The cause was tried without a jury and the court rendered judgment in favor of appellee for $1,800 as disability benefits of $300 per month for a period of six months.

Appellant's motion for a new trial was overruled.

Appellant's pleadings were in short by consent, the general issue, no accidental injury, plaintiff not totally disabled, misrepresentations made by plaintiff in application for the policy which materially affected the loss, misrepresentations in the application with intent to deceive and misrepresentations in the application for the policy sued on.

The policy insured appellee against accidental injury in words as follows:

"Against loss of life, limb, sight or time resulting directly and independently of all other causes from accidental bodily injury sustained while this policy is in force, hereinafter called 'such injury.'"

The applicable provision of the policy reads:

"If 'such injury' * * * causes continuous total disability and total loss of time within twenty days from the date of the accident and requires regular and personal attendance by a licensed physician, surgeon, osteopath or chiropractor, other than the insured, the company will pay at the rate of the monthly benefit stated in the policy schedule for one day or more from the first medical treatment so long as the insured lives and is so disabled."

The monthly benefit payment for such total disability was $300.

The policy is dated January 15, 1957, and on the following April 20th, appellee went fishing with a friend and found a tree limb across his boat. He first tried to pull the limb away while standing on the tree, which had fallen near the boat. He tried to break the limb off the tree but was unable to do so. He then jumped back on the bank, slid down the bank six or eight feet to get in the boat in order to move the limb. While standing in the boat with his feet about twelve inches

lower than the limb, he reached over for the limb and while bent over, something snapped in his back. It was discovered he had suffered a crushed vertebra, caused by a fracture of the fifth lumbar vertebra.

Appellee is a small man, five feet six and one-half inches in height. He weighed one hundred forty-five pounds and his waist measured thirty-two inches at the time of the injury.

Appellant's first assignment of error is concerned with the overruling of the motion for a new trial, two grounds of which raise the question of whether there was an accidental bodily injury within the terms of the policy. Appellant argues that there was no accident involved in anything insured did, but that his trouble arose from a diseased vertebra.

Medical testimony introduced by appellant supports his contention, but medical testimony of appellee's doctors conflicts with this contention.

It is an accidental injury where an unexpected result arises from an intended or voluntary act. In Emergency Aid Ins. Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335, 338, we said:

"* * * There is a distinction between an accidental death or injury, and one caused by accidental means. Such a distinction is treated by the law writers. It is an accidental death or injury if the result is an accident whether or not due to accidental means; but it is caused by accidental means, although the means employed were voluntarily rendered, if, in the act preceding the injury, something unforeseen, unusual and unexpected occurs which produces the result. * * *"

Here the pulling at the limb, jumping from tree to bank, sliding down the bank and reaching over to remove the limb were, for the most part, voluntary acts, and the fracture of the vertebra was an unexpected result.

Assuming without conceding that the vertebra was diseased, we think the facts in the instant case made a question for the trier of facts to determine. In First National Bank of Birmingham v. Equitable Life Assur. Society, 225 Ala. 586, 144 So. 451, 452, it was said:

"In dealing with accident policies whose coverage is defined by the general terms, such as death resulting directly and solely from the accidental injury, exclusive or independent of all other causes, this court has approved and adopted the rule announced by other courts to the following effect: '* * * Where accidental injury aggravated a disease and hastened death so as to cause it to occur at an earlier period than it would have occurred but for the accident, it is the direct, independent, and exclusive cause of death at the time.' Benefit Ass'n of Ry. Employees v. Armbruster, 217 Ala. 282, 284, 116 So. 164, 166."

Thus, the injury being accidental, it may have caused the diseased vertebra to collapse before it ordinarily would, but the result would still be within the provisions of the policy.

Appellant next argues that there was no total disability. This argument is based upon evidence that appellee later resumed his work as a builder or building contractor.

In Wilkey v. Aetna Life Ins. Co., 269 Ala. 308, 112 So.2d 458, 460, we quoted from Metropolitan Life Ins. Co. v. Alston, 248 Ala. 671, 29 So.2d 233, as follows:

"'Our cases applying total disability clauses similar in material respects to that now under consideration have held that they mean that such total disability exists when, and only when, the insured cannot substantially perform the material duties of some occupation for which he is qualified by experience and training. (Citing cases).'"

There was ample evidence that the insured could not substantially perform the material duties for which he is qualified by experience and training. One of his doctors testified that he was totally disabled. Furthermore, there is no evidence that appellee did any work in his occupation during the six months period in which it is claimed that the total disability occurred.

Finally, on this point, appellee was permitted to demonstrate to the court how he walked since the accident. This evidence was before the trier of fact, but, of course, is not before us.

Where it is apparent from the record that the trial court had before it evidence omitted from the record, it will be conclusively presumed that such evidence would sustain the trial court's findings. Local No. 157, etc. v. Local No. 4202, 266 Ala. 354, 96 So.2d 297; Williams v. Clark, 263 Ala. 228, 82 So.2d 295. This rule is applicable here only to this particular question, not to the others raised by different assignments of error.

The remaining assignments of error are concerned with the alleged material misrepresentations in the application. Question 11. of the application and the answer thereto are as follows:

"11. Have you received medical or surgical advice or treatment or had any local constitutional disease within the past five years? Yes. When?———— For what? Physical— 3 mos. ago for Life Ins. Exam. Duration?———— When?———— For What?———— Duration?————"

The alleged misrepresentation is that appellee omitted from the application that Dr. Nelson Long of Selma had treated him for basal cell carcinoma (skin cancer), in 1956. Dr. Long testified that it was his custom to tell a person the nature of a disease and it was his best judgment that he told appellee the nature of his trouble, but it was also possible that he stated to appellee that he had "basal cell carcinoma" without explaining the meaning of that term.

Appellee testified that he did not know the meaning of the term, that the doctor never told him he had cancer and that the doctor had said he was cured. Appellee contends there was no evidence that there was an actual intent to deceive, and furthermore, that there was no misrepresentation which increased the risk of loss when the appellee had been pronounced cured of the skin cancer.

We think appellant's argument is answered in American Nat. Ins. Co. v. Walstrom, 226 Ala. 402, 147 So. 595, 596, a much stronger case for appellant than the instant case, where this court said:

"The defendant insists that, notwithstanding insured in his application answered in the negative the question as to whether or not within the last three years he had suffered illness or disease, or had any physical or mental defect, he had in fact a cancer and afterwards died of an operation therefor, the cause of the death being given as 'surgical shock.' But it appears from the proof, including the testimony of the doctor, which was by no means positive to that effect, that it was a question for the jury whether the insured in fact had cancer at the time of the issuance of the policy, and it was clearly open to the jury to find that, if he did have cancer, he had no suspicion thereof, and considered the operation one of minor importance, with no seriousness attached thereto, but only a temporary disorder. Independent Life Ins. Co. v. Butler, supra, (221 Ala. 501, 129 So. 466).

"The answers to the questions were declared and warranted to be 'complete, correct and true to the best of my knowledge and belief,' to use the language of the application. Under the tendencies of the evidence above outlined, therefore, it was open to the jury to find that insured had answered

the questions honestly and in good faith and truthfully as well. Massachusetts Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; 3 Cooley's Briefs, 2110 et seq.; 26 Corpus Juris, 1079 and 1131.

\* \* \* \* \* \*

"\* \* \* Under the language of such an application in connection with that of the policy expressly recognizing that it does not contain the usual warranties, if the insured answered honestly and in good faith his opinion and belief and in fact was unaware that any seriousness attached to his former illness, and considered it a matter of trivial importance, then there was no fraudulent misrepresentation, for an honest but erroneous expression of opinion or belief is not fraud. 26 Corpus Juris, 1131 and 1079; Cooke v. Cook, 100 Ala. 175, 14 So. 171; Brown v. Freeman, 79 Ala. 406; Massachusetts Mut. Life Ins. Co. v. Crenshaw, supra."

We have already outlined evidence which tended to show that the omission of the information regarding the skin cancer treatment was not a fraudulent misrepresentation.

■ Neither can it be held that the omission of the skin cancer treatment increased the risk of loss. In Padgett v. Sovereign Camp, W. O. W., 218 Ala. 255, 118 So. 456, 458, it was said:

"A temporary attack, however serious, if followed by a complete recovery and restoration to former health and vitality, and death of the insured comes long thereafter from a cause clearly having no connection in any way with such sickness, cannot be said to have increased the risk of loss in the particular case. We think the statute (Tit. 28, § 234) intended to protect the insured in such case. Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; W. O. W. v. Gibbs, 217 Ala. 108, 114 So. 915."

Here, the injury to appellee's back had no connection with the skin cancer and the latter had been pronounced cured by Dr. Long before the back injury occurred.

■■ Appellant's final contention is that the court erred in sustaining the objection of the appellee to the following question propounded by appellant to Dr. Long: "Q. Have you known the disease for which you treated Mr. Ray to result in a fatality?" Appellant insists that the question went to the materiality of the misrepresentations made by appellee in his application for insurance and that the court should have required an answer.

The court's action was not error for two reasons. First, the doctor had testified that basal cell carcinoma is considered curable if treated at an early stage, that appellee was treated early and that he was doing well when discharged.

The other reason is that the witness had already testified that he had seen any type of skin cancer cause death and that "any skin cancer is a menace to health if it isn't treated." At best, this testimony would only have been cumulative. Even if it had been error to sustain the objection, it was harmless error under the rule that an error in excluding evidence as to a certain fact is harmless where the fact is established by other evidence. Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548; Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; Cole v. Louisville & Nashville R. Co., 267 Ala. 196, 100 So.2d 684.

■ As already noted in this opinion, there was a decided conflict in the testimony, and the trial court resolved that conflict in favor of appellee. Applying the well-known presumption, we will not disturb the findings of the trial court since they are not plainly wrong. Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.