155 So.2d 514

**UNITED INSURANCE COMPANY OF AMERICA**

v.

**Morlan RAY.**

**6 Div. 916.**

Supreme Court of Alabama.

June 20, 1963.

412

Dominick, Roberts, Davidson & Donald, Tuscaloosa, for appellant.

MERRILL, Justice.

Appellee recovered a judgment for $9,900 as damages in a suit on an insurance policy under which he was insured against total disability and total loss of time. A motion for a new trial was overruled and this appeal followed.

Appellant voluntarily paid the total disability benefits for six months, April 20, 1957, to October 20, 1957, and in a former suit appellee recovered the total disability payments, $300 per month for the next six months, October 20, 1957, to April 20, 1958, United Insurance Company of America v. Ray, 271 Ala. 543, 125 So.2d 704. Appellant refused to pay any monthly installments after April 20, 1958, and this suit was filed to collect the subsequent payments.

Assignments of error 25, 26, 27, 28 and 29 are concerned with the refusal of the court to give the affirmative charge with and without hypothesis. The argument is based upon the undisputed evidence that appellee did perform some work as a building contractor after his injury.

██ It is only where there is no evidence tending to establish the plaintiff's case that the court may direct a verdict for defendant; and in considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to the plaintiff, regardless of any view we may have as to the weight of the evidence. Greyhound Corporation v. Brown, 269 Ala. 520, 113 So.2d 916; Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453.

Some of the evidence more favorable to appellee was that before the date of this injury, Ray had been in the general construction business; that he did the finished carpenter work on his jobs; that he sometimes helped the electricians and did the cabinet work, moulding, laying tile floors, tile bathrooms and different types of work like that himself; that he personally ran the power saw and in addition generally directed three or four men who worked with him; that his work required physical exertion, bending, stooping and lifting; that he is 56 years old, has a high school education and had been a carpenter, carpenter foreman and assistant superintendent for contractors; that all of his experience has been in the construction business; that since the accident in 1957 his ability to get about has become progressively worse; that he was in constant pain; that he had to take pain pills or pain shots for relief; that his lower extremities have been numb like they were asleep for 60 to 75 per cent of the time since his original injury; that he cannot bend or stoop; that he cannot lift any object whatsoever; that he cannot climb or walk on scaffolding; that excess movements cause severe pain; that he is unable to sleep longer that two hours at any one time except under the influence of the drugs prescribed by his physician; that since the

injury his lower extremities have withered; that to get up out of a chair he requires assistance; that he cannot drive a conventional shift automobile because his legs do not have sufficient strength to depress the clutch; that he cannot walk on rough ground without help or support. Ray demonstrated to the jury his ambulatory disabilities by walking up and down in front of the jury box.

Dr. Wallace McAdory, Jr., Ray's attending physician, testified that Ray sustained a 60 to 70 per cent compression fracture of the fifth lumbar vertebra; that such injury would be reasonably calculated to produce pain; that his examination and tests indicated that there was nerve damage in Ray's spine; that there had been atrophy of both legs; that the compression fracture of the fifth lumbar vertebra is not completely stabilized and that there is a substantial danger or peril to Ray's health by reason of any attempt to work or engage in any kind of physical activity; that he had advised Ray not to engage in work; that work or physical activity could accelerate nerve changes or could possibly progress to paralysis; that it would be dangerous for Ray to undertake to drive a car; that any jar or blow on the buttocks could further compress the fifth lumbar vertebra and result in permanent paralysis; that in his opinion, Ray was totally and permanently disabled. No other medical evidence was submitted to the jury and Dr. McAdory's testimony that Ray is totally and permanently disabled is uncontradicted in the record.

◼ In Equitable Life Assur. Soc. of United States v. Watts, 230 Ala. 297, 160 So. 713, a suit under a total disability provision in a policy, the plaintiff was doing certain light work after his injury, both for his employer and later for the Civil Works Administration. Affirming a judgment for plaintiff, this court said:

"The mere fact that, when not suffering an acute attack of asthma, he could and did, up to the time of trial, perform some such work, would not justify an affirmative instruction for defendant. If work is accompanied by suffering, aggravation of a chronic disease, in such sort that sound medical advice says not to work, the fact that there is still strength to do it at times, and, under stress of circumstances he does so perform, will not defeat his right to the total permanent disability benefit under stipulations here presented. [Citing cases]."

Another case in point is Hamm v. Metropolitan Life Insurance Co., 237 Mo.App. 12, 166 S.W.2d 324, where it was said:

"* * * We realize and fully appreciate that many men attempt to work when their condition is such that ordinary reason and prudence would dictate that they should desist therefrom because a continuance of efforts to work would gravely endanger health and life. Where there is evidence showing such conditions, our courts, including this court, have never failed to hold that a case is made for the jury to decide. * * *"

Considering the evidence most favorable to the plaintiff, the trial court did not err in refusing to give the requested affirmative charges.

Moreover, the action could have been justified on the basis that appellee demonstrated to the court and jury how he walked after the accident; and this evidence, before the jury but not before us, could have sustained the rulings of the trial court as we pointed out in our opinion in this same cause in 271 Ala. 543, 125 So.2d 704.

◼ Assignment 30 deals with the refusal of the trial court to give requested written charge 8 for the defendant. The charge was faulty because it put too much emphasis on performance rather than ability to perform. Moreover, the court did give defendant's requested charge 7, which correctly stated the law as follows:

"I charge you, gentlemen of the jury, that the proper test in determining

whether plaintiff, Morlan Ray, was totally disabled during the period alleged in the Complaint in this cause is not whether plaintiff could do all or substantially all of the things he previously did in following a gainful occupation before disability intervened but whether or not plaintiff could substantially perform the material duties of some occupation for which he was qualified during the period from April 20, 1958 to January 20, 1961."

The court did not err in refusing to give charge 8. What we have said regarding assignment 30 is also applicable to assignment 32.

■ Assignment 31 charges error in the refusal to give defendant's requested charge 9, which read:

"I charge you, gentlemen of the jury, that plaintiff must have suffered a total loss of time from April 20, 1958 to January 20, 1961, before you can return a verdict for the plaintiff, Morlan Ray."

This charge could have properly been refused because it is not predicated upon a reasonable satisfaction from the evidence. However, there was no prejudicial error because the court did give defendant's requested charge 11 which substantially stated the same rule of law properly. Tit. 7, § 273, Code 1940. Charge 11 read:

"I charge you, gentlemen of the jury, that you must be reasonably satisfied from the evidence that the plaintiff's disability must have been total and that he suffered a total loss of time from the accident as alleged in the Complaint in this case during the period from April 20, 1958 to January 20, 1961 before you can return a verdict for the plaintiff, Morlan Ray."

Assignment 36 complains of error in a portion of the court's oral charge. Part of the portion of the oral charge set out in the assignment is unquestionably the law and was correctly given. But the record does not show that an exception was taken to any part of the charge. True, counsel did state "I do not believe that is the law," and gave his reasons for the belief. The court then charged the jury further.

■ Failure to object or except to the giving of oral instructions ordinarily operates as a waiver of any defect or omission therein. Weeks v. Weeks, 39 Ala.App. 159, 96 So.2d 453; 88 C.J.S. Trial § 425, p. 1151. The statement of counsel that he did not "believe that is the law" is not equivalent to an exception. There being no exception to the oral charge, the alleged error is not subject to review here. Furthermore, part of the quoted charge was correct, and even if there had been a general exception, it would have been of no avail because the quoted portion of the charge was not entirely erroneous. 18A Ala.Dig., Trial, ⟐ 281.

What we have said in reference to assignment 36 applies also to assignments 32, 34, 35 and 37.

■ Assignment 38 complains of the giving of appellee's requested charge 4:

"The Court charges the Jury that under the provisions of the policy of insurance sued upon in this cause, total disability exists if you are reasonably satisfied from the evidence that the Plaintiff, Morlan Ray, cannot substantially perform the material duties of some occupation for which he is qualified by experience and training."

This charge is practically identical with a statement in the first appeal in this cause, 271 Ala. 543, 125 So.2d 704, wherein a statement originating in Metropolitan Life Insurance Co. v. Alston, 248 Ala. 671, 29 So.2d 233, was copied. The charge correctly states the law.

■ Assignment 39 charges error in the giving of appellee's requested charge 5:

"The Court charges the Jury that under the provisions of the policy of insurance sued upon in this cause, total

**416**

disability and total loss of time exists if you are reasonably satisfied from the evidence that the Plaintiff, Morlan Ray, cannot substantially perform the material duties of some occupation for which he is qualified by training and experience."

This charge was a correct statement of the law. United Insurance Company of America v. Ray, 271 Ala. 543, 125 So.2d 704; Mutual Ben. Health & Accident Ass'n v. Mathis, 169 Miss. 187, 142 So. 494.

Appellant also argues that charges 5, 6 and 7 are misleading in that they refer "to the present time as opposed to the period of time set out in the complaint for which benefits are claimed."

■ The giving of a charge containing a correct proposition of law, though it may be misleading, as applied to the facts in the case, is not reversible error, the remedy being for the opposite party to request an explanatory charge. Forst v. Leonard, 116 Ala. 82, 22 So. 481; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Thompson v. Magic City Trucking Service ante, p. 291, 154 So. 2d 306. This principle applies to charges 5, 6 and 7.

Assignment 42 charges error in the giving of charge 8:

"The Court charges the Jury that if work is accompanied by suffering and aggravation of existing disability and peril to continued health and well-being of such kind that sound medical advice says not to work, the fact, if it be a fact, that there is still strength to do work at times, and the fact, if it be a fact, that the Plaintiff does so perform work at times, will not defeat his right to the total disability benefits under the provisions of the policy here presented."

This charge is practically a verbatim statement of the law in the second sentence of the quotation from Equitable Life Assur. Soc. of United States v. Watts, 230 Ala. 297, 160 So. 713, quoted supra, in connection with the refusal of the court to give the affirmative charge. This also applies to assignment 43.

■ Assignment 45 charges error in the overruling of the motion for a new trial. Such an assignment of error is sufficient to invite a review of that ruling on any ground well stated in the motion and properly argued by appellant. Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315. However, no grounds of the motion are argued under this assignment. We have discussed some of the grounds which were made separate assignments of error, but the failure to argue any ground of the motion under assignment 45 presents nothing for review under that assignment of error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.