270 So.2d 657

Laura E. McLEMORE et al.

v.

ALABAMA POWER COMPANY.

SC 18.

Supreme Court of Alabama.

Dec. 7, 1972.

Howard & Dunn, Wetumpka, for appellants.

Edward S. Allen and Walter M. Beale, Jr., Birmingham, for appellee.

MERRILL, Justice.

This appeal is by the landowner in a condemnation case where the verdict and judgment were for $20,000.00 for the acquisition of one hundred acres of land for a navigation and tailrace canal for the return to the Coosa River, used in the operation of appellee's Walter Bouldin Dam and Power Plant.

The parties stipulated that the only issue was the amount of the award to the landowners; that the values were fixed as of February 4, 1964, the date the petition was filed; and that if interest was proper, it should be at six per cent per year beginning on April 4, 1964, the date possession was taken by the condemnor.

Assignment of error 10 charges error in the giving of condemnor's requested Charge 10 which reads:

"I charge you, gentlemen of the jury, that the owner of any tract or body of land, outside the corporate limits of a municipality, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire as a matter of law through legal proceedings a convenient right of way not exceeding in width 30 feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto as long as such right of way or road is not established without consent through any person's yard, garden, orchard, stable lot, stable, gin house or curtilage."

Appellants argue that the charge is misleading because it failed to include that "the applicant must pay the owner for the value of the land taken and compensation for damage to the land".

The charge was taken from Tit. 19, §§ 56 and 57, Code 1940, as amended. It is urged that while "even though a correct statement of the law," it is not complete because that part of § 57, quoted supra, was not included. It is also urged that the charge is based partly or entirely on a state of facts not supported by the evidence, because there was no evidence that the lands in question were outside the corporate limits of a municipality or that said lands were not surrounded by orchards, yards, stable lots, etc.

Treating the last contention first, we have two large maps, both exhibits in the case and properly certified, but not in the transcript proper. One, Exhibit 11, is a flat Elmore County highway map, and the other is Exhibit B, an aerial photograph of the land in question, but the subject land is not within any corporate limits and is not surrounded by the named prohibitions in § 57.

■ The giving of a charge containing a correct proposition of law, though it may be misleading as applied to the facts in the case, is not reversible error, the remedy being for the opposite party to request an explanatory charge. United Insurance Co. of America v. Ray, 275 Ala. 411, 155 So.2d 514, and cases there cited. There was no reversible error in the giving of Charge 10. Moreover, the oral charge should be interpreted in the light of the incidents of the trial to determine if there was prejudice in giving an erroneous written charge. Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743; Johnson v. Coker, 281 Ala. 14, 198 So.2d 299; Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279. The charge here was not erroneous, being only misleading at most. The trial court orally charged the jury, in discussing this point, "If he (the landowner) has the County condemn him a right-of-way in there, then, of course, he has to pay for that, if he doesn't have a right-of-way in there, * * *." There could be no prejudice because the jury was told that the applicant would have to pay for the right of way.

Assignment 26 charges error in the sustaining of condemnor's objection to a question propounded to one of the landowners on direct examination, "What did he say?"

The issue was whether the appellants-landowners had access to the property before the taking by a private road or a public road. There had been testimony that an adjoining landowner, Charles Storrs, had originally put up an old-style cattle gap across the road leading to the property and that later, Storrs maintained a chain and lock at the cattle gap across the road, but that it was done with permission of the owners and tenants affected. The record shows:

"Q And what did he do, with regard to putting a gap, or anything like that, on the road?

"A Well, in—originally, when he first put a gap there, he put the old type cattle gap, and I don't think, originally, he put any lock on it.

"Q All right, sir. Did he say anything to you about it, at the time?

"A Yes, sir.

"Q What did he say?"

■ The court sustained the objection on the ground it was hearsay. Since Storrs was not a party and there was no evidence that a representative of appellee was present, the question "called for evidence patently hearsay." Southern Home Ins. Co. v. Boatwright, 234 Ala. 668, 176 So. 460[8].

■ Appellants also contend the question was proper under the theory that when one party introduces part of a transaction or conversation, the other party may show the entire transaction or conversation. The rule is not applicable here because the appellee did not introduce evidence as to any part of the conversation. As stated in Nellis v. Allen, 268 Ala. 259, 105 So.2d 659:

"There is a difference between the rule that allows all of a conversation that is relevant and material to be brought out when part of the conversation has been previously introduced and the one where there has been testimony that a conversation took place. The former is admissible even though it be hearsay. Clancy Lumber Co. v. Howell, 260 Ala. 243, 70 So.2d 239. The latter is not admissible. * * *"

Also, there is no showing in the record that the expected answer would be admissible as an exception to the rule against hearsay evidence. Greer v. Eye Foundation, Inc., 286 Ala. 63, 237 So.2d 456[7]; Southern Railway Co. v. Jarvis, 266 Ala. 440, 97 So.2d 549[7].

Assignments 23 and 24 are concerned with a question and answer which, on mo-

tion, was excluded by the court. John A. Howle, a real estate appraiser called by the landowners, was testifying on direct examination, and the following transpired:

"Q   Mr. Howle, in arriving at your opinion as to the value on this property, what did you—what kind of road did you consider was in there?

"A   A County, graveled road.

"Q   Did you make, or have you made, any investigation concerning whether that was a public, or a private, road?

"A   Yes, sir, I have.

"Q   What did your investigation disclose?

"A   That it was a public road.

"MR. RENEAU: Now, we object to that, may it please the Court.

"THE COURT: Yes, I'll sustain the objection to that.

"MR. RENEAU: And move to exclude the answer, if the Court please.

"THE COURT: I'll exclude the answer from the Jury.

"MR. HOWARD: Reserve an exception."

■ The trial court correctly ordered the exclusion of the testimony because the question called for a conclusion by the witness. Ogburn v. Montague, 26 Ala.App. 166, 155 So. 633, cert. denied 229 Ala. 78, 155 So. 636; Bryson v. Phelps, 23 Ala. App. 346, 125 So. 795, cert. denied 220 Ala. 389, 125 So. 798.

Appellants argue that substantially the same question was asked condemnor's witness on the first trial and prior appeal, McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780, assignment of error 33 and 27. We cannot agree. Those assign-ments of error were in connection with questions relating to "comparables" addressed to an expert real estate witness, and had nothing to do with answers which were conclusions of law.

Finally, assignments 21 and 22 charge error in the court's ruling when the appraiser Howle was testifying on direct examination as to the things he considered in arriving at his assessment of the damages:

"Q   What else did you consider, in arriving at your opinion, Mr. Howle?

"A   I read a statement from the Federal Power Commission that the water level would be lowered.

"MR. ALLEN: Now, then, we object to that, Your Honor.

"MR. RENEAU: We object to that, may it please the Court.

"THE COURT: Well, now, I'll sustain the objection to that. 'That the water level—water level would be lowered.' That's purely hearsay.

"MR. HOWARD: We reserve an exception, Your Honor.

"THE COURT: Well, that—that couldn't be admissible.

"MR. HOWARD: Beg your pardon?

"THE COURT: That couldn't be admissible, because the Weather Bureau's—the Weather Bureau's, or whatever it is, report would be the best evidence of what it was.

"MR. HOWARD: Well, we reserve an exception to Your Honor's statement that the Weather Bureau's report would be the best sort—the best evidence."

■ There was no error in the rulings. This court has approved the admission of excerpts from government publications, and the proper way to introduce them is

**648**

shown in City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264. But here, there was no identification of any publication, no showing that the witness was an expert on water levels, and the statement, whether spoken or written by someone, was purely hearsay and the objection was properly sustained.

In Smarr v. State, 260 Ala. 30, 68 So.2d 6, it was said:

"But relevant extracts from medical treatises are not in themselves self-proving, but are admissible only when recognized and approved by the medical profession as standard. The work in question was not shown to be a standard work or recognized authority by the medical profession on the subject at issue, and the rulings of the court in regard thereto were without error. * * *"

See Berry v. Robertson, 285 Ala. 623, 235 So.2d 657, and Hutchens v. State, 45 Ala. App. 507, 232 So.2d 687, cert. denied 285 Ala. 755, 232 So.2d 700.

If the trial court erred, and we do not agree that it did, still no reversible error could have been committed because on cross-examination, the witness testified that after the water level dropped, the value of the land was adversely affected.

Even if it had been error to sustain the objection, it was harmless error under the rule that an error in excluding evidence as to a certain fact is harmless where the fact is established by other evidence. United Insurance Co. of America v. Ray, 271 Ala. 543, 125 So.2d 704; Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117; Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110.

No reversible error has been argued.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.