Rovena WILLIAMS, Plaintiff–Appellant,

v.

UNITED INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 79–2847.

United States Court of Appeals, Fifth Circuit. Unit B

Jan. 19, 1981.

Owens & Ball, James R. Owen, Bay Minnett, Ala., for plaintiff–appellant.

Michael D. Knight, Mobile, Ala., for defendant–appellee.

Before SIMPSON, RONEY and THOMAS A. CLARK, Circuit Judges.

RONEY, Circuit Judge:

The principal question on appeal is whether an insurance company can be held liable for fraud where it represents at the time it sells an insurance policy that it will honor all valid claims for death benefits if the insured dies as a result of accidental bodily injury, although its general practice is to deny benefits if the insured dies as a result of driving while intoxicated, on the ground that death in such circumstances is not "accidental." We affirm the defendant insurance company's judgment notwithstanding the verdict because the evidence presented was not sufficient to raise a jury question on the issue of present intent not to perform.

In March, 1970, plaintiff, Rovena Williams, purchased an industrial insurance policy from defendant United Insurance Company of America (United) on her son, Herbert. The policy, naming Mrs. Williams beneficiary, insured against loss of time due to sickness, and loss of life, limb, sight and time "resulting solely from bodily injury received during the term of this policy and effected directly and independently of all other causes through accidental bodily injury." The policy paid $1,000 in the event of accidental death. It did not contain an "alcohol exclusion" clause.

In 1976, Williams died in an automobile accident. At the time of the accident, Williams' blood alcohol level was 0.35 percent, indicating he was highly intoxicated. United denied plaintiff's claim for death benefits on the ground that at the time of death the insured was voluntarily intoxicated to a considerable degree and, therefore, his death did not result from "bodily injury . . . effected directly and *independently of all other causes* through accidental bodily injury." (emphasis added).

Mrs. Williams brought suit to recover on the policy alleging three causes of action, only one of which is at issue here. The first was for breach of contract and $1,000 in death benefits. The second was for fraud in the sale of the policy, seeking $2.5 million. The third sought $2.5 million for intentional and unreasonable refusal to pay. This last claim was stricken on motion and no appeal has been taken as to it.

At trial, the district court initially granted plaintiff's motion for directed verdict on the first cause of action. The jury, however, could not reach a verdict on the fraud count and a mistrial was declared. In light of the mistrial, the court set aside its directed verdict and retried the entire case before a second jury, which returned a verdict in favor of plaintiff in the amount of $1,000 for breach of contract and $150,000 punitive damages for fraud. No appeal has been taken from the $1,000 award for breach of contract.

As to the $150,000 judgment, the district court granted defendant's motion for judgment notwithstanding the verdict. It then held that if the judgment n. o. v. was reversed on appeal, it would order a new trial unless the plaintiff agreed to a $140,000 remittitur, reducing the punitive damage award to $10,000.

The plaintiff on appeal has challenged both the judgment n. o. v. and the alternative grant of a new trial subject to a remittitur. She has asked this Court to reinstate the jury verdict in full. Because we hold the district court correctly entered judgment for defendant on the fraud count, we need not address the alternative grant of a new trial.

The test for determining whether to grant a motion for judgment notwithstanding the verdict is the same as that applied to a motion for directed verdict. The trial court originally, and this Court on appeal, must examine the evidence in the light and with all reasonable inferences most favorable to the party opposing the motion. "[I]f there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair−minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).

To recover for fraud under Alabama law, which governs the substantive aspects of this diversity case, plaintiff must establish that United represented to her at the time it issued the policy that it would honor all valid claims thereunder, and that such promise was made with the present intent not to perform. *Old Southern Life Insurance Co. v. Woodall*, 295 Ala. 235, 326 So.2d 726, 729 (1976). While the question of intent not to perform is one of fact usually within the province of the jury, the Supreme Court of Alabama has made clear that the mere failure to perform is not of itself evidence of intent not to perform at the time the promise is made. Something more must be shown. *Id.* at 729–30. Punitive damages for fraud may be awarded only upon a showing that the fraud was gross, malicious, oppressive, and committed with intent to injure and deceive. *In re Proctor Agency, Inc. v. Anderson*, 358 So.2d 164, 165–66 (Ala.1978).

Resolution of this appeal therefore depends on whether there was evidence from which a jury could reasonably conclude that United had no intention of paying a valid claim for death benefits at the time it sold plaintiff the policy. The evidence, viewed in the light most favorable to plaintiff, was that United represented to Mrs. Williams at the time she purchased the policy in question that it would pay her $1,000 in the event of her son's accidental death, and that it would honor all valid claims under the policy. This representation was made despite the fact that it was United's practice not to pay benefits if the insured was intoxicated at the time of his death and his intoxication contributed to the accident causing death. The policy in question did not contain an "alcohol exclusion" clause, although several industrial accident policies issued by United to plaintiff two years later contained such a clause. United had on three previous occasions paid claims submitted by plaintiff under the disability provisions of the policy.

Plaintiff contends that this evidence is sufficient to show fraud because United knew or should have known, at the time it issued the policy to Mrs. Williams, that under Alabama law the type of death involved here was considered "accidental" for insurance purposes. The only support plaintiff offers for this contention is that United was a party to a 1960 Alabama suit in which accidental injury or death was defined as "an unexpected result aris[ing] from an intended or voluntary act." *United Insurance Co. of America v. Ray*, 271 Ala. 543, 125 So.2d 704, 706 (1960). Although the *Ray* case did not involve death resulting from driving while intoxicated, plaintiff nevertheless argues that, based on the definition announced in that case, United should have known that, from the standpoint of the insured, death is an unexpected result of an insured's voluntary act of driving under the influence of alcohol. Otherwise, plaintiff argues, defendant would not have included an "alcohol exclusion" clause in the policies it sold her two years later.

Defendant vigorously challenges this analysis. The question, defendant asserts,

is whether it was reasonable in 1970 for United to take the position that death caused in part by the insured's intoxication is not "accidental" under Alabama law. Defendant argues that under the definition of accidental death in the *Ray* case, it was reasonable to take the position that death is not an unforeseen, unexpected result of voluntarily driving while intoxicated, but rather is a foreseeable, expected consequence of such conduct. In support of this contention, United cites a 1975 Tennessee case in which the court held, "it is clear that death which results from such action on the part of an insured [operating a motor vehicle while intoxicated] is not *accidental* and hence no exclusionary clause is necessary." *Hobbs v. Provident Life & Accident Insurance Co.*, 535 S.W.2d 864, 867 (Tenn.App. 1975). According to United, if this Court were to accept plaintiff's theory, then any time an insurance company raised a reasonable defense to a claim, which defense was ultimately rejected, the company would be liable for fraud.

A review of the record discloses no evidence to support a present intention not to pay. There is no evidence that United knew in 1970 that its interpretation of the law was untenable. The 1960 *Ray* case, although generally defining "accidental" injury or death, specifically involved a back injury which resulted from an attempt by the insured to remove a tree limb which had fallen across his boat. The case shed little if any light on whether death resulting from driving while intoxicated can constitute "accidental death" under Alabama law. Plaintiff has cited no pre–1970 Alabama cases, or for that matter any Alabama cases, which hold that an insured who loses his life as a result of driving while intoxicated dies an "accidental death" for purposes of recovering death benefits.

Without more, it cannot be said that United's practice of issuing policies without "alcohol exclusion" clauses and then refusing to pay benefits if the insured died as a result of driving while intoxicated was so gross, malicious or oppressive as to amount to fraud giving rise to a recovery of punitive damages. In reaching this conclusion,

in light of United's decision not to appeal the breach of contract judgment against it, we have no reason to decide and we in no way intimate that we agree with United's construction of the policy or with its refusal to pay the benefits. We only agree with the district court that the evidence was insufficient to permit a jury to find that United promised to pay all valid claims with a present intention not to perform.

AFFIRMED.